THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRITTNEY TURNER,

        Petitioner,

v.

ISRAEL JACQUES,

        Respondent.

CASE NO. C19-0545-JCC

ORDER

This matter comes before the Court on Petitioner Brittney Turner's objections (Dkt. No. 9) to the report and recommendation ("R&R") (Dkt. No. 8) of the Honorable Brian A. Tsuchida, United States Magistrate Judge. Having thoroughly considered the parties' briefing and the relevant record, the Court hereby OVERRULES Petitioner's objections, ADOPTS Judge Tsuchida's R&R, and DISMISSES Petitioner's complaint for the reasons explained herein.

On March 14, 2018 Petitioner was sentenced for conspiracy to distribute controlled substances. (Dkt. No. 3 at 3.) Petitioner is currently serving her sentence at the SeaTac Federal Detention Center. (*Id.*) In December 2018, the First Step Act ("FSA") was signed into law. (*Id.* at 1.) Section 102(b)(1) of the FSA amends 18 U.S.C. § 3624(b)(1), mandating that federal inmates may receive a maximum of 54 days of good conduct credit per year of their sentence, as opposed to the current Bureau of Prisons regulations, which mandate a maximum of 47 days. (*Id.* at 3–4.) Section 102(b)(2) delays implementation of any amendment to 18 U.S.C. § 3624 until

July 19, 2019. (Dkt. No. 8 at 7.)

In April 2019, Petitioner filed a motion for habeas corpus relief. (Dkt. No. 3.) Petitioner argues that § 102(b)(1) went into effect on December 21, 2018—the day that the President signed the FSA. (*Id*.) Petitioner argues that she is entitled to 24 additional days of good time credit under § 102(b)(1). (*Id*. at 3–4.) Judge Tsuchida found that the amendment does not go into effect until July 19, 2019, and he therefore recommends dismissing Petitioner's complaint. (Dkt. No. 8 at 1.) Petitioner has filed an objection to the R&R, arguing that the amendment took effect on December 21, 2018. (Dkt. No. 9.)

In *Bottinelli v. Salazar*, the Ninth Circuit definitively addressed the issue of when § 102(b)(1) takes effect. *See Bottinelli v. Salazar*, 2019 WL 3071298, slip op. at 5 (9th Cir. 2019). The Ninth Circuit stated that, "We hold that the [FSA's] good time credit amendment did not take immediate effect upon enactment but will become effective with the establishment of the 'risk and needs assessment system' on July 19, 2019." *Id*. Therefore, the Court finds that § 102(b)(1) of the FSA takes effect on July 19, 2019, not December 21, 2018.

For the foregoing reasons, the Court OVERRULES Petitioner's objection (Dkt. No. 9), ADOPTS Judge Tsuchida's R&R (Dkt. No. 8), and DISMISSES Petitioner's complaint with prejudice.[1]

DATED this 30th day of July 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner's scheduled release date from SeaTac was June 12, 2019. (Dkt. No. 3 at 3.) The Court is unaware of Petitioner's current location at this time. If Petitioner was released from custody as scheduled on June 12, Petitioner's motion for habeas corpus relief may be moot. Additionally, § 102(b)(1) of the FSA took effect on July 19, 2019, which may provide another basis for the mootness of Petitioner's motion.